IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie Bradley, | ) | C/A No.: 1:15-4440-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Bryan Sterling, SCDC Director; Neana W. Staley, Warden at Manning; Mr. Roberts, A/W at Manning; Ms. Jeannie McKay, A/W at Manning; and Dr. Valpey, SCDC Doctor, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Freddie Bradley ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on the following motions: (1) Plaintiff's motion to amend the complaint [ECF No. 24]; (2) Plaintiff's motion for subpoenas [ECF No. 25]; and (3) Plaintiff's motion to appoint counsel [ECF No. 26].

I.    Motion to amend

Although Plaintiff's filing is entitled "motion to amend," it appears Plaintiff simply seeks to supplement his original complaint, as he identifies the filing as an "attachment" to his lawsuit. [ECF No. 24]. To the extent Plaintiff seeks to add additional documents in support of his complaint, the motion is granted. The Clerk of Court is

directed to docket the filing as additional documents to the complaint. The filing will not be considered a formal amended complaint and Defendants are not required to file an answer or otherwise plead.

II.     Motion for subpoenas

In his motion for subpoenas, Plaintiff requests twelve subpoena forms [ECF No. 25]. Plaintiff provides no information about whom he plans to subpoena or why they may have relevant information. *Id*. To the extent Plaintiff seeks documents, he has failed to provide information about the documents he seeks or show that they are relevant.

Additionally, Plaintiff has failed to show that he can pay the costs associated with serving the subpoenas, the costs of witness fees, or the copying costs of obtaining documents. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Therefore, because Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the necessary fees for the subpoenas, Plaintiff's motion for subpoenas [ECF No. 25] is denied at this time with leave to refile after he has demonstrated the relevance of the requested subpoenas and tendered the necessary witness fees, copy costs, and costs of service.

III.     Motion for appointment of counsel

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517

F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff alleges he needs counsel because he has a hernia that affects his health and is uneducated in the law. [ECF No. 26].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

May 5, 2016                                Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge