UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Freddie Bradley, ) | Civil Action No.: 1:15-cv-04440-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Sterling, SCDC Director; Ms. Neana ) | |
| W. Staley, Warden at Manning; Mr. Roberts,) | |
| A/W at Manning; Ms. Jeannie McKay, A/W ) | |
| at Manning; Dr. Valpey, SCDC Doctor;   ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Freddie Bradley, currently incarcerated at Manning Correctional Institution in Columbia, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical needs. Pending before the Court is Defendants' [ECF No. 33] motion for summary judgment.

This matter is before the court with the Report and Recommendation [ECF No. 53] of Magistrate Judge Shiva V. Hodges filed on December 20, 2016.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the case dismissed. Plaintiff timely filed Objections [ECF No. 58] to the Magistrate Judge's Report and Recommendation. Defendants filed a reply to Plaintiff's Objections. [ECF No. 59].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).
When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the

evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## **Discussion**

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs in that they failed to provide adequate treatment for his hernia. The Magistrate Judge recommended granting summary judgment in favor of the Defendants finding that Plaintiff has not demonstrated a claim of deliberate indifference. The Magistrate Judge noted that Plaintiff received treatment for his hernia and its complications and that surgery to repair the hernia was scheduled for May 19, 2016. Although not in the record, the Magistrate Judge emphasized that no party disputed that Plaintiff had the surgery as scheduled. The Magistrate Judge also recommended summary judgment in favor of Defendants as to any state law medical malpractice claim because Plaintiff had failed to comply with the statutory requirements for filing such an action. The Magistrate Judge further found that, to

the extent a constitutional violation occurred, Defendants were entitled to qualified immunity. Finally, the Magistrate Judge found that Defendants Sterling, Staley, Roberts, and McKay were entitled to summary judgment to the extent they had been sued in their supervisory capacity.

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation arguing that Defendants Sterling, Staley, Roberts, and McKay should not be dismissed because they were sued in their individual capacities and they were aware of Plaintiff's hernia but ignored it until they were served with this lawsuit. Plaintiff claims his hernia caused him extreme pain and surgery should have been ordered when he first presented with the hernia in 2014, rather than May 2016 after the lawsuit was served. Plaintiff also argues qualified immunity does not apply to this case.

To state a claim for relief under the Eighth Amendment, the plaintiff must establish that a prison official was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his or her position. *Miltier*, 896 F.2d at 852-53. Disagreements as to prescribed treatment between the prisoner and physician are not sufficient to state a constitutional claim, unless exceptional circumstances are alleged. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, medical malpractice or negligence in diagnosis or treatment is not sufficient to form the basis of a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

A review of Plaintiff's SCDC medical records indicates that Plaintiff was seen multiple times by SCDC medical staff between June 27, 2012 and March 2, 2016 for his umbilical hernia. The medical records state that Plaintiff's umbilical hernia had existed for years, was asymptomatic, and exhibited no change until March of 2016, when it was noted to have increased in size from 3 centimeters to approximately 5 centimeters. As a result of the hernia's increase in size from 3 cm to 5 cm, a surgical consult was ordered. Surgery was scheduled for May 19, 2016 at Palmetto Richland Hospital. In his objections, Plaintiff confirms that he received the surgery to repair his hernia. *See* [ECF No. 58-1].

Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to his hernia. Plaintiff has also failed to establish that surgery to repair the hernia was medically necessary prior to March of 2016, when the hernia was noted to have increased in size from 3 cm to 5 cm and a surgical consult was ordered. Although prison officials have an obligation to provide medical care for those whom it is punishing by incarceration, the care provided need not be the best possible care; the medical care provided only has to be "reasonable" care. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977); *see also Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Edwards v. Duncan*, 355 F.2d 993 (4th Cir.1966). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosabee v. Murphy*, 797 F.2d 179 (4th Cir.1986). Plaintiff's dissatisfaction with Defendants' treatment, or disagreement with the decision not to surgically repair the hernia prior to May 2016, is insufficient to state a constitutional violation under 42 U.S.C. § 1983. Viewing the evidence in the

light most favorable to the Plaintiff, the record indicates that Plaintiff received reasonable medical care for the treatment of his hernia.[2]

Plaintiff has failed to set forth sufficient facts to create a genuine issue of material fact as to whether Defendants knew of and disregarded Plaintiff's serious medical needs. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims of deliberate indifference to serious medical needs brought under 42 U.S.C. § 1983.[3] To the extent Plaintiff has alleged any state law claims, the Court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3).

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 53] of the Magistrate Judge, except that the Court respectfully declines to adopt the portion of the Report and Recommendation that recommends granting summary judgment with respect to any alleged state law claims. Instead, the Court declines to exercise jurisdiction over any alleged state law claims.

---

[2]    Plaintiff does not appear to make a claim of deliberate indifference with regard to the medical treatment he received for his urinary complaints to the extent those are separate from his hernia complaints. In fact, in the first sentence of his objections to the R&R, Plaintiff states that he filed this action alleging "deliberate indifference to his serious medical needs regarding a hernia on his navel." [Plaintiff's Objections, ECF No. 58]. To the extent Plaintiff alleges a separate deliberate indifference claim regarding the treatment of his urinary problems, Plaintiff has failed to establish that Defendants were deliberately indifferent to his urinary problems in that Plaintiff received reasonable care including a prescription for Flomax.

[3]    In light of the Court's finding that Plaintiff has failed to set forth sufficient facts to create a genuine issue of material fact as to whether Defendants knew of and disregarded Plaintiff's serious medical needs, it is not necessary to address supervisory liability or Defendants' claims of qualified immunity.

Accordingly, Defendants' [ECF No. 33] motion for summary judgment is **GRANTED** and the Plaintiff's claims brought under 42 U.S.C. § 1983 are hereby **DISMISSED with prejudice.** Pursuant to 28 U.S.C. § 1367(c), Plaintiff's state law claims, if any, are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[4]

**IT IS SO ORDERED.**

February 14, 2017                                s/ R. Bryan Harwell
Florence, South Carolina                         R. Bryan Harwell
                                                 United States District Judge

---

[4] Under 28 U.S.C. § 1367(d), the period of limitations on Plaintiff's state law claims "shall be tolled while the claim is pending [in this court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 18 U.S.C. § 1367(d).